IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| AMERICAN CONSTRUCTION HOIST, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:04-CV-286 |
| WEYERHAEUSER COMPANY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the motion for summary judgment filed by defendant, Weyerhaeuser Company ("Weyerhaeuser") [doc. 48]. Plaintiff, American Construction Hoist, Inc.("ACH"), has filed a response [doc. 54], and Weyerhaeuser has submitted a reply [doc. 55]. For the reasons stated herein, the motion will be denied.

I.

*Background*

On November 11, 2001, ACH and Willamette Industries, predecessor in interest to Weyerhaeuser, entered an agreement for the rental of a "Scan Hoist" for a six month period. A Scan Hoist is a device that hoists personnel and material; in this case it was used in a construction project at Willamette's Kingsport, Tennessee facility. ACH shipped

the hoist to Willamette on or about December 2, 2001. On July 1, 2002, Weyerhaeuser announced that Willamette was fully merged into Weyerhaeuser and that "all Willamette assets and obligations have become assets and obligations of Weyerhaeuser." The hoist was damaged while in use on the construction project.

The record contains two purchase orders, one submitted by ACH and one by Weyerhaeuser. ACH's copy that is attached to the original complaint shows a signature on behalf of Willamette and the signature of Rick Wheat for ACH. Next to Wheat's signature is handwritten the phrase "subject to attached rental agreement." Weyerhaeuser's copy, submitted with the pending motion shows only the signature for Willamette and does not contain Wheat's signature. The rental agreement referred to by Wheat and attached to the original complaint is not signed by the lessee, Willamette.

ACH has demanded payment from Weyerhaeuser for rental, service, and finance charges as well as for the costs associated with the repair of the hoist. Weyerhaeuser has refused to pay any of the demands made by ACH, which as of August 1, 2004, totaled $240,674.37. ACH seeks these charges pursuant to the rental agreement, which makes the lessee responsible for repair/maintenance and associated costs.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc*., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the

motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

Rental Agreement

Weyerhaeuser contends that no rental agreement was entered into regarding the hoist, that it is not bound by the terms of the unsigned rental agreement, and that the rental agreement is unenforceable under Tennessee law based on the Statute of Frauds for leased goods. ACH argues that a question of fact exists concerning the rental agreement because Weyerhaeuser has produced a purchase order different from the one attached to the original complaint and addressed in Weyerhaeuser's answer.

The court agrees that there are material issues of fact concerning the purchase order and whether or not the rental agreement was entered into by the parties. These matters are material because they go to the heart of ACH's claim for charges based on the rental agreement. Thus, summary judgment on this claim is not appropriate.

## Bailment

In the amended complaint, ACH raises a claim for bailment of the hoist and for damages based on bailment. Weyerhaeuser argues that no bailment existed because ACH never relinquished control of the hoist and Willamette did not have sole custody and control over the hoist while it was in Willamette's possession. ACH argues that a bailment did exist because Willamette maintained custody and control of the hoist for the six months it was on the construction site. Willamette designated an operator to routinely maintain the hoist as well as operate it, and ACH contends this constitutes custody and control.

> A bailment is a delivery of personalty for a particular purpose or on mere deposit, on a contract expressed or implied, that after the purpose has been fulfilled, it shall be re-delivered to the person who delivered it or otherwise dealt with according to his direction or kept until he reclaims it.

*Merritt v. Nationwide Warehouse Co.*, 605 S.W.2d 250, 252 (Tenn. Ct. App. 1980) (citations omitted). "Delivery" is a key element in creation of a bailment, and it requires the bailor to relinquish possession and control of the personal property to the bailee. In order for a delivery to occur, there "must be a full transfer, either actual or constructive, of the property to the bailee so as to exclude it from the possession of the owner and all other persons and give to the bailee, for the time being, the sole custody and control thereof." *Rhodes v. Pioneer Parking Lot, Inc.*, 501 S.W.2d 569, 570 (Tenn. 1973) (citations omitted).

The court believes that there are material issues of fact concerning the key factors necessary for creation of a bailment. There are questions concerning whether a "delivery" occurred and whether Willamette had sole custody and control of the hoist while it was on the construction site. "Without control, there can be no delivery; and without delivery, there can be no bailment." *Stewart v. HCA Health Servs. of Tenn., Inc.*, No. 01A01-9603-CV-00111, 1997 WL 803690, at *4 (Tenn. Ct. App. Dec. 30,1997).

Accordingly, the court concludes that summary judgment is not appropriate, and Weyerhaeuser's motion will be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge